*of sale of real estate the purportedly real purchase price or consideration from the Parol Evidence Rule than there would be for excepting from said Rule any other term or provision of the written contract.*

We therefore hold that where the purchase price set forth in a written agreement purports to be not merely a nominal, but the real or actual amount agreed upon, then in the absence of fraud, accident or mistake, evidence of an alleged contemporaneous oral agreement (on the faith of which the written contract was allegedly executed), is inadmissible to add to or subtract from or contradict or vary the purchase price or consideration set forth in said written contract.

Decree reversed and record remanded to court below, with directions to enter a decree in accordance with this opinion. Costs to be paid by appellees.

## Lavin *v.* Goldwater, Appellant.

Argued January 12, 1951. Before DREW, C. J., STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

600

*George T. Steeley,* for appellant.

*Maurice Stern,* with him *Mayer, Magaziner & Brunswick,* for appellee.

OPINION PER CURIAM, March 19, 1951:
Judgment affirmed on the opinion of Judge FLOOD.

Newport Township School District, Appellant, *v.*
State Tax Equalization Board.